422-0575-WC consolidated with 422-0576-WC Joseph E. Bowen appellant by Thomas Lichten v. Illinois Workers' Compensation Comm'n William A. Niekamp Truck Service Inc. Appellee by Jason Jordan Mr. Lichten, you may proceed. Mr. Lichten? Hello? Mr. Lichten? Therese, is he connected? We're going to try to contact him here. Okay. We have his video but no audio. We didn't stop the recording, did you see? Yeah. Now? Thank you, Your Honor. My name is Tom Lichten and I'm the attorney for the appellant Joseph Bowen and may it please the court, what I'm asking you to do is to affirm everything that the Illinois Workers' Compensation Commission awarded and found in its decision and opinion on review with the exception of we don't agree that the section 19K and section 16 penalties and attorneys fees should have been deleted. I think what you have in this case is what I would call sort of a smoking gun in favor of the petitioner because first of all the petitioner, Joe Bowen, he was a 6'3", 330 pound truck driver. He was 46 years old at the time of the accident and he was driving back and forth with several other of these drivers between Quincy and Chicago. They would take a load of wood, milled wood, up to Chicago and then pick up a load of steel, drive it back to Quincy the same day. When he was in the New Era Steel Company yard and he was pulling himself up into the cab of his truck, of his flatbed truck, put his left foot on the first rung, put his right foot on second rung, pulled himself up and as he described it his right knee exploded and he had severe pain. Had to call a co-driver to help him get down because he couldn't even put any weight on his right leg. Somehow he managed to drive all the way back to Quincy which is about 325 miles. When he got back to Quincy at 3 a.m. that morning, or the next morning actually, it would have been April 15th, the accident was on April 14th, his wife picked him up at the yard where he dropped the truck off and took him, she had some crutches, she brought those with him with her, took him directly to the hospital, the Blessing Hospital Emergency Room and the history that he gave was what I just stated that as he was pulling himself up into the cab of the truck he experienced severe sudden pain in his right knee. When this had happened back when he was still in Chicago or actually also he had called the owner of the company, Mr. Niekamp, and told him exactly what happened and also there was a co-driver, well not a co-driver, but another to give him a hand and he said that he told them the same thing that he told the emergency room people. So my point is being, and they're claiming that no he, what he said was no he was just walking across the blacktop and all of a sudden his leg gave out and he fell to the ground. First of all that doesn't even make sense that that could happen but certainly he wouldn't, if he was driving back leaving at three, four o'clock in the afternoon getting back to Quincy at three in the morning, he wouldn't have, how in the world could he have any way of inventing a different story, I mean why or why would he even because he's not a lawyer, he doesn't know the law. So I felt and I still feel that that was basically irrefutable proof that it happened exactly the way they said it, said it happened and that the arbitrator, Arbitrator Lee was correct in finding that penalties were appropriate not just under section 19L but also under section 19K and the other side concocted their defense. When I was trying to get Mr. Bowen's benefits started and I contacted the claims adjuster, she never said anything about oh well he didn't get hurt the way he says he did, he got hurt a different way. She was just saying well I don't have, I have the records from Quincy Medical Group where he has that history but I don't have or she didn't even say anything about a history actually, I have the records from Quincy Medical Group, I don't have the hospital records because I don't know which hospital it is and I couldn't get a, I wasn't able to get him to give me a recorded statement something like that. She didn't say anything about this supposed defense that they came up with at a trial saying that he just got hurt walking across the blacktop just out of the blue. So that I would say is, I don't, as I say irrefutable evidence I think that not only was the 19L penalty which is as we know under the McMahon case and others considered to be sort of a late fee but also that I'm sorry, somebody say something? No, I'm sorry. So yeah, so not only that but also that under section 19K, those penalties were very appropriate and should have been appropriate because if it's a frivolous defense or not, you know, concocted and not actually credible, then it shouldn't be considered to be something that is, the dropping of those penalties shouldn't be considered to be okay as not being against the manifest weight of the evidence because the question is whether it's against the manifest weight of the credible evidence and I don't think that evidence was credible, the arbitrator didn't think so and I don't see any way that it could be and the respondent has never come up with anything in their arguments or briefs to explain how that could have happened and in fact they in their brief before the commission and also in their reply or response brief here, they suggested well he didn't actually report it until he got back or until the next day or the day after he got back which isn't true, he reported it as soon as he got back to the Quincy and got to the emergency room. So there's that, the commission I think was very correct, there's another issue that needs to be addressed and which is the question of credit. In 1997, the petitioner had injured his right knee and had a loose body removed from his right knee and he was pro se and he received a settlement of $10,000 a year or two later and he never filed a claim, it was just something that was provided to him, he never had any problems for the next, well he had some problems initially when he first went tried to go back to work in 1998 and a little bit in 1999 but nothing for the next 15 years of any kind until this accident happened which was determined to be a tear or several tears actually of both the medial and the respondent's attorney did not present the prior, the document documenting the prior settlement what the amount was. He said he was putting it in evidence as part of one of his exhibits, I said you know I don't see it in here, the copy you gave me doesn't have it in here, I don't see it and arbitrator Lee said well I'm going to rely on whatever is in the exhibit uh if it's in there and but it wasn't and he didn't even take the trouble to make sure that it was so it wasn't so what the arbitrator did at in his decision was well I don't know for sure what the prior uh award or settlement amount was for in terms of percentage but I believe that the man is entitled to 20 percent loss of use of his right leg over and above whatever it was previously which I thought was very fair and that seems to be consistent with the thinking of why that's in the law so uh subsequently the respondent has made all kinds of arguments about well it's the commission's responsibility or it's the arbitrator's responsibility to dig that information up uh it's not our responsibility well they thought it was their responsibility at trial and I think in my experience that's always been the way it's handled uh and to try to well I think the commission was correct uh in uh affirming the 20 award because basically the way the arbitrator put it and uh also the adams county circuit court judge uh initially also said well this makes sense to me too so I don't think that um that argument holds any water I think that the law was uh was correctly found by the commission in that regard and uh if you uh and I we relied on the Dorsey case which I believe says that that's the uh that that it's the responsibility of the of the respondent to provide whatever evidence there is if they're claiming a credit it's their duty to do that so uh I think that as I said before uh the commission's decision was uh except for the denial of 19k and section 16 penalties and attorney's fees uh was a correct one uh the respondent points to uh well the commission said it wasn't uh unreasonable and vexatious well if you look at section 60 19k uh that's where the language unreasonable and vexatious is section 19l which is a lesser penalty provision uh called a late fee uh that has different language where the using words such as um uh fail neglect refuse or unreasonably delay but it's nothing uh none of the language in that's in 19k where there's a saying that uh it's frivolous if it's frivolous or vexatious and they said it wasn't vexatious well I don't know I think it was vexatious you got a man who gets hurt has a bad injury has to have surgery can't work for a period of time and all of a sudden he has no income uh what happens is these people who are put in that position they're they're kind of at the mercy of these loan companies that charge 40 to 60 percent interest uh and to just keep their heads above water they pretty much are stuck with that so this these penalty provisions are important that they be enforced uh and I if I thought that there was any question about uh the truth of the petitioner's position and the way what what happened uh that would be a different thing but it's but there isn't any question about it and counsel counsel isn't it less about whether or not petitioner's claim is true and more about whether or not the commission believed that there was a potential defense so asking another way does the commission if the commission doesn't believe that it was unreasonable or vexatious because there's an argument that he did blow out his knees simply walking across the parking lot so there's a fair argument either way I guess would be the the argument well uh the commission said that they felt it was a good that the respondent had presented a good faith defense uh I think that is contrary to the manifest way to the credible evidence I don't think it was a good faith defense I think they concocted it just like arbitrator lee said uh maybe giving them the most most possible benefit of the doubt you could say well maybe there was a misunderstanding or something that they didn't really uh get the uh everything that that Joe Bowen told him when he got hurt but I don't believe that I and it was because it wasn't even presented until much later that they you know that they had this defense and so uh I don't I think the commission was wrong to say it was a good faith defense I don't think it was made in good faith and I think and I think the evidence shows I mean if you look at the records just as I said it's it's almost un I can't I would just say unfathomable that could have happened in any way other than what he what was what Mr. Bowen said you thank you uh I don't know if I have any time left but well yes you do I do you also will have time in reply all right well uh thank you uh your honor I'll I'll stop at this point okay thank you Mr. Licton Mr. Jordan Jordan excuse me would you care to respond thank you may it please the Jason Jordan on behalf of the appellee um I maybe I'm wrong in the minds of the justices but I think the most legally interesting part of this case is the credit so I want to spend most of my time on that uh I'll touch on the the other issues real quick here uh Mr. Licton has brought up whether the 20 percent PPD determination by the commission was correct or not that issue's not on appeal we did appeal that issue to the commission but it didn't take it any farther than that as far as I'm aware no one was claiming that that's wrong so that's that's the easiest issue to dispose of in the argument um the second easiest issue disposed of the argument is 19k in section 16 because um and I'll touch on the commission's finding that uh our defense was reasonable and not vexatious but even even if Mr. Licton's argument were being accepted 19k and 16 are discretionary those are step two of the 19k 16 analysis is did the commission abuse its discretion and there's no evidence that the commission abused its discretion so now let's go to step one of 19k and 16 which also applies to 19l and I agree with Mr. Licton 19l is a lower standard but we know from the undisputed case law the standard is that of wonderful reasonableness in this case the commission found our defense reasonable and the law also states that it's not ultimately who the commission decides to believe because that is their realm they can judge the credibility of witnesses that's not just because they find Mr. Bowen uh more credible than the two witnesses we presented that's not the standard the standard is is the defense reasonable okay can I ask you a what exactly was the defense that he slipped in the parking lot or that he told them he slipped in the parking lot so so the up until obviously in comp we don't have discovery up until um trial we don't have petitioner's testimony what we had is we had a co-employee who's present at the scene and is told by Bowen that his knee blew out walking across the parking lot what we have is the employer who received a call from Bowen who said his knee blew out walking across the parking lot and we also have years of prior medical records that makes that I mean Mr. Licton said you know I've never heard of someone's knee giving out you know walking across part well I've heard of it in fact I'm that guy I had my knee give out and I I take it I take it your argument is to get off this point so we can get on the other thing your argument is the statement that he said that he was injured in the parking lot was not made exclusively by the employer it was supported by the testimony of a co-employee there was evidence there was testimony of two people supporting that yes justice and if that were to have been believed it would have been risk not compensable yeah all right okay so that takes me to the credit which I do think by far is the most interesting aspect of this case and when we look at the credit first of all I would invite the court the record at C646 is let me start with the concept that Mr. Licton claims we didn't raise this issue well if we didn't raise this issue at arbitration why was it addressed if we didn't raise the issue at the commission why was it addressed the the issues were raised C646 is the beginning of what we put in and we're stuck with what the commission gives us when we request records on C646 is the very case number that Mr. Bowen then testified that he got I'll be honest here evidence is you know I go back to the basic definition evidence is something that proves the fact more or less likely to be true it's it's not necessarily documentary evidence so I would suggest that petitioner's testimony alone in this case proves the existence of the credit but besides that C646 which was put in arbitration is the commission's own record evidencing case 98 WC 19149 belongs to Joseph Bowen and we had corroborating testimony that that is the correct Joseph Bowen and it's a unique situation the the commission is I mean it's probably technically inaccurate for me to say they're a party to every settlement but they must review and approve every settlement by statute they have knowledge of every settlement and they're the keepers of the records of these settlements so an easy I mean if if I can find it certainly the commission who has uh who has uh the ability and obligation to look at their own records could also look at it there's a there's a prior and we hear it from Mr. Lichten today there is a prior credit that it's it's undisputed he had the prior settlement so you know I almost a lot of times talking about the arbitrator's decision because obviously it's plain that this court doesn't review the arbitrator's decision but it is important for us to recognize arbitrator's lease determination is wrong on its face on his decision he uses the pre-2011 statute and he doesn't use the 8.1 bb factors which are mandatory by the legislature so the commission did not affirm and adopt arbitrator leave they used a very gentle word they said they clarified it no they didn't they rewrote it because on his face of his decision he says I'm using the pre-2011 standard so when they rewrote it they're very clear they used 8.1 bb to come up with 20 percent loss of use of the leg and they gave no prior credit and what the circuit court has done they said how can you not how can you not see this credit and they applied the 22 and a half prior credit to the 20 award I it's it's a I don't even know the correct word to use the idea that an arbitrator would say I don't know what the prior credit is but I'm going to give them 20 on top of it that's that's just not that's not good law the law is 8.1 bb tells us what nature and is we evaluate the factors and then the statute tells us the condition shall deduct from that number a prior credit it's not the law is not you know figure out what the prior credit is and then give petitioner a little bit more that's not the law counsel can I ask a question he testified when and it was for 20 percent you say would you be surprised if it was for 21.5 and that's the evidence that supports the credit that is some of the evidence that supports the credit just okay can I ask you a question what was the proper amount of compensation for a loss of a leg back in 1997 well would it shock you if I told you it was 200 weeks uh no that would not shock me uh what's what's 20 what's 20 percent of 200 weeks 20 percent 240 for a thousand I believe wasn't it wouldn't it be for 40 weeks 40 yes all right so 40 weeks times his average weekly wage would be ten thousand dollars was that established well so it was it was not established but the case law tells us we don't have to know we've lost your audio there mr jordan your audio is gone you're now frozen visually there I think we have a so the case law tells us we don't care about the dollar amount we care about the percentage loss of use of the leg for credit there's no question my question is did you establish the percentage loss of use I'm trying to back into it mathematically but there's no and isn't it your burden to establish the credit to which you're entitled so I sold burden according to the case law is that compensation was paid that is what the case law tells us my burden is no that it has to have been paid for your you for you to be entitled to the credit my question is whose burden is it to prove that there was a prior claim compensation was paid and the amount of loss for which that compensation was paid because it's that loss that has to be subtracted from the current loss to determine the net compensable loss if it's in the same body part so if you have not proven the percentage of loss for which he was compensated in the prior case how can it be said that you satisfied your burden of proof of the amount of credit to which you're entitled to your audio is gone again mr jordan back on there is no case law which suggests I have a burden of proof on the issue the the sole thing that the case law tells me is I have to establish that just doesn't make any sense you know there's only two parties to this litigation there's the petitioner and the respondent if your theory was correct and it wasn't your burden I guess it was the petitioner's burden in what in every case to prove he never had a prior accident that was compensable for that portion of the body so that'll be your burden it can't be anything else my obligation justice is to prove that compensation has been paid and for for what for what the compensation was for and not only not only did we prove compensation was paid we proved the amount too because the commission can take judicial notice of its own records and in its records it maintains the record that there's 22 and a half paid for the prior injury but the commission said they have no record they couldn't find one and and that's where the commission erred and the circuit court has corrected that error because it's it's as simple as looking in the commission's database and it's there and in fact not only not only do I say that uh commissioner Brennan when we were there on the 19th his issue was not the commission did not have the record his issue was well I can't tell you if it's the same Joseph Bowen that was his issue he saw the record he knew the record existed the commission he's the he's now the chairman but he was a commissioner what what's what's the purpose of a 19f the the person of 19f is the uh corrected clerical error uh and what what was the clerical error in the original decision it it was a it was alleged the clerical error was not deducting 22 and a half from the 20 that was not that that sir is not a clerical error and that that that I mean clerical error is two plus two equals five that's a clerical error and that is what the commission found and uh we have you know we have not pursued that hearing from this court the the the hearing though is evident that the commission had that he said but I don't know it's the same Joseph Bowen that's where the testimony testimony is evidence there's no requirement that was you had a 19f hearing wasn't it correct but it is it is it's it's proof of the fact that the commission has the record the commission in fact I don't I wasn't I wasn't practicing in 1997 let alone did I know Joseph Bowen in 1997 where does the record come from it comes from the commission they're the sole source of that record and the the reality is they have the record and the circuit court found that they had the record so the fact that they had the record and they were asked they're the body of original jurisdiction they were asked to take judicial notice of their own record and they failed to do so it's acknowledged by everyone the testimony supports that that is his settlement and the commission the legislature is is it's mandatory it's a shall the commission shall deduct the amount the fact that there is an amount acknowledged by everyone states and it doesn't change the ppd because we know ppd is calculated using 8.1 bb the factors in 8.1 bb don't care about the credit the factors in 8.1 bb establish the amount of permanency and then the commission shall deduct the prior credit and it's just it's it's uh clear in this case that the commission has the record and they you know and you know no one's perfect but they didn't you know their their decision on its face says we can't find the record and then when we go up on the 19f commissioner brendan acknowledges they have the record he just says i just don't know if it's the same joseph bowen and as we point out in our brief you know the date matches the numbers match i mean i think petitioner said it was about ten thousand dollars and it was it was ten thousand you know six hundred or seven hundred but he established the validity of that settlement was his settlement i see him out of for mr jordan jordan no i don't believe there are thank you uh thank you mr licton you may reply thank you justice holdridge uh yeah i i agree uh and i'm glad justice hoffman asked the question because i really thought that that 19f maneuver or whatever you want to call it was i mean it wasn't a clerical error at all it was a way for them try to get in into through the back door what they failed to put into evidence even though i told him i told mr kelly at the trial and and arbitrator lee said you need to put it make sure it's in there and they didn't do it they agreed that it was their duty and they didn't do it and then on review or actually with this 19f thing uh they tried to get it into evidence through the back door which uh it's not a clerical error absolutely and it was just i thought an improper way to handle that that matter but the point is it is their duty that's what the uh the dorsey case uh said and you know uh the way arbitrator lee handled it putting everything else aside in a common sense way was well uh the man had a prior injury where he got some some kind of compensation it was only the only surgery that he had was removal of a loose body he worked for the until this happened now he's got you know two a knee with two two menisci that are severely damaged he's got major problems especially for a guy who's 330 pounds um yeah 20 i thought was respondents should have been happy that that's the that the arbitrator mr lincoln mr lincoln i i have a a little bit of a problem assume that a fact is capable of judicial notice and the fact is not established before the arbitrator is it fair game in making their decision that the commission take judicial notice of it or if it wasn't if judicial notice was not taken before the arbitrator is it outside of the sphere of permissibility for the commission to take judicial notice of uh i don't think judicial notice would cover this kind of situation i mean the reason why i the question is i happen to agree with you that the attempt to introduce the decision through a 19f was an attempt to reopen proofs after they'd been closed has nothing to do with a cleric where but the question becomes could the commission take judicial notice of it or must the commission take judicial notice of it when the matter goes before them on review uh i don't think so i mean the the record uh i mean as we know once after the after the trial there's you can't add anything additional on review uh of course that's evidence i guess but to to rely on well the thing that you take judicial is evidence well that's why you ask they have judicial notice taken well then then i would say yeah you can't they can't take judicial notice of it and also i mean now we've got the comp file system which has a lot of problems and if you're trying to look up something uh a case that happened before uh whenever comp file went into effect 2021 or whenever it's a heck of a thing to uh so uh i mean that's i guess not what we're looking at here but uh i i think that the the issue is whether they met their burden to get what they the credit that they wanted and in effect arbitrarily gave him the credit based on his common sense understanding so i don't i don't think the commission can take judicial notice of that kind of thing i think it's uh it's it's not part of the case it's not evidence they didn't do it and they were not arguing that it was something that commission should take judicial notice of or anything like that at the trial before arbitrator lee it was only after they realized that they had messed up and then they tried to do this other thing uh also i wanted to mention the commission did make a mistake in their decision where they said that the respondent had paid uh tpd benefits uh after when mr bone they put him back back to work but they were only giving him like ten dollars an hour and three hours a day of work and they gave him an old junked kenworth truck that he could barely get into uh that never happened they never paid a penny for anything they never my client was just lucky that his wife had blue cross insurance so or he never would have been able to even get the surgery that he needed for his for his knee for his busted up knee and also they didn't claim that uh there was chris bennett and uh the owner they didn't claim that mr uh bowen said that he slipped on the on the blacktop they just claimed that he said that he just went down or something like that uh and that's not that's not in any of the medical records uh what is always what is in every single medical record is what it was he was pulling himself up and that's when his knee all of a sudden blew up when he was pulling himself up into the cab of his of his truck of a semi semi-trailer mr licton your uh your time has expired the red light is on thank you so much justice holbridge okay any questions from the bench before we close on no okay very good well thank you counsel both for your arguments in this matter this afternoon it will be taken under